Informal Opinion David I. Rosenberg, P.C. Sewanhaka Central High School District 666 Old Country Road Garden City, N Y 11530
Dear Mr. Rosenberg:
You have asked whether two members of the Sewanhaka Central High School District Board of Education have conflicts of interests that preclude them from voting on the proposed sale of unused district property. You explain that the central high school district board is composed of eight members, two from each of the boards of education of the four constituent elementary school districts that send students to Sewanhaka. Sewanhaka owns a junior high school that has not been used for several years. One of the constituent elementary school districts has offered to purchase the unused junior high school and plans to spend additional funds to renovate the building to accommodate the increasing enrollment in that district.
You ask whether the two members of the Sewanhaka board who also are board members of the constituent district that seeks to buy the property may vote on the proposal to sell the property. You note that the two board members have participated in negotiating the proposed terms and conditions of the sale. You also state that the contract of sale will be subject to the approval of the Sewanhaka voters in a referendum and that the voters in the constituent district also must approve the contract in a separate referendum.
Central high school districts are governed by Article 39 of the Education Law. Section 1903 provides that boards of education of such districts have jurisdiction over pupils residing in the district who have completed the sixth grade and that the boards have the same powers and duties that boards of education of union free school districts have under the Education Law. The statute also specifically provides that the boards of education of such districts shall include members of the boards of the constituent districts. Education Law § 1901, 1914. Article 39 authorizes central high school districts to lease facilities from constituent districts but contains no express provisions governing the sale of central high school district property to a constituent district. Id., § 1915.
However, sale of unused school district property by union free school districts is governed by Education Law § 1709(11). It provides that the board may sell such property when authorized by a vote of the qualified voters of the school district, "at such price and upon such terms as said voters shall prescribe". See also, Education Law §402, which contains a similar provision requiring approval of such sales by referendum and stating that the sale shall be at such price and upon such terms as the voters shall deem proper. Therefore, central high school districts also are authorized to sell property on the same terms and conditions. Id., § 1903.
We conclude that the Sewanhaka board members who also are board members of the constituent district that seeks to buy the property may vote on the proposed sale. The Legislature, in authorizing the creation of central high school districts, has required that the central high school district boards include members of the boards of the constituent districts. Presumably, the Legislature was aware that the constituent districts might enter into business transactions with the central high school districts. It expressly authorized lease transactions between the districts. Id., § 1915. The Legislature evidently did not consider the dual positions of the board members to create a conflict in such transactions. See, Op Atty Gen (Inf) No. 88-67. Moreover, the voters of each district must approve the terms of the proposed sale. The referendum requirement provides additional assurance that the terms of the sale will be in the best interest of the residents of both districts. Accordingly, we conclude that the members of the Sewanhaka board who also are members of the board of the constituent district that seeks to purchase unused property from the central high school district may vote when the central high school district board considers the terms and conditions of the proposed sale.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General